The County of Crawford, Appellant, *v.* Morrison Spenney, Appellee.

APPEAL FROM CRAWFORD.

Counties are not liable for the expenses attending the execution of criminal process.

The Governor may offer a reward on the part of the State for the apprehension of criminals. Sheriffs cannot do so, and make the counties liable, except for the apprehension of horse thieves.

The facts of this case are stated in the opinion of the court. The cause was tried before Harlan, Judge, at October term, 1858, of the Crawford Circuit Court.

G. Koerner, and J. H. Steel, for Appellant.

C. H. Constable, for Appellee.

County of Crawford *v.* Spenney.

BREESE, J. This was an action of *indebitatus assumpsit* brought by Spenney against the county of Crawford. The declaration contains two counts. The first count alleges an indebtedness of two hundred dollars, for work, labor, care and diligence done, etc., by the plaintiff for the defendant, and at its special instance and request, " in and about the pursuit and re-arrest of William Reamer, an escaped prisoner, originally arrested and detained for crime alleged to have been committed within the jurisdiction of the county of Crawford, and in pursuance of the process of the legal authorities thereof."

The other count is for money paid, laid out and expended by the plaintiff, to and for the use of Crawford county, and at its like special instance and request, " in reward paid and expended defrayed in and about the recapture of one William Reamer, an escaped prisoner, who was in custody and detained upon charge of crime by virtue of charge preferred and proceedings had by and under the legal authority of said county of Crawford, within the jurisdiction of which, the crime for which said prisoner had been arrested and detained, was charged to have been committed, and being so indebted, the defendant promised to pay, etc."

The defendant pleaded *non assumpsit,*—an adjudication by the County Court of Crawford county, before which this claim was presented and disallowed,—payment by the county, by issuing an order on the county treasury for $44.40, which was received by the plaintiff in full satisfaction and discharge of all the sums claimed in the declaration.

To the second plea a demurrer was filed and sustained, and as we think properly, and although there was no replication to the third plea, the record shows the parties went to trial on that and the general issue, before the court, without a jury, who found for the plaintiff one hundred and twenty-three dollars. A motion for a new trial was refused, and a bill of exceptions taken, in which is incorporated the evidence in the cause, and the case brought here by appeal, where the errors assigned are, That the court admitted improper evidence; overruled the motion for a new trial; gave judgment for the plaintiff, and awarded execution, and sustained the demurrer to the second plea. The venue was changed, by consent, to the second grand division.

It is unnecessary to go into a particular examination of the errors, or of all the facts of the case; it is sufficient to say, it is nowhere proved that the recapture of the prisoner was made by the plaintiff, at the request of the county of Crawford.

The facts are briefly these : One Reamer was committed to the custody of the sheriff of Crawford county on a charge of

19

larceny; that the jail of that county being insufficient, he carried him to Clark county and delivered him to the plaintiff, who was then sheriff of that county, who committed him to the jail of Clark county; that the prisoner broke the jail and escaped, and was recaptured by the plaintiff at a cost of sixty dollars; that soon after, the prisoner again escaped in the same way as he effected his first escape, in open day-light, by passing through the family room of the plaintiff, acting as jailor. There are strong grounds to believe that the jailor was not free from the charge, under all the circumstances, of culpable negligence in not preventing, by the extremest caution and care, at least, the second escape, being admonished as he was by the first escape, of the necessity for extra vigilance.

We hold that the counties are not liable for the expenses attending the execution of criminal process. They are a burden upon the office of sheriff, coroner and constable. They are under no legal or moral obligation to pay them, nor are sheriffs allowed by any law of which we are cognizant, to offer rewards for the apprehension of criminals who may have escaped from their custody, and make the counties liable. The Governor can do so on behalf of the State, by sect. 8, chap. 45, R. S. 1845. (Scates' Comp. 1113.)

If the sheriff offer a reward, it will be presumed to be in atonement for his carelessness in permitting the escape.

Should this claim be allowed, it would amount to a premium for negligence, and expose the treasuries of the counties to be plundered by collusive escapes and recaptures. The law can justify no such claim, no matter whether the suit is brought by the sheriff of the county against the county where the jail may be, or the county using the jail for insufficiency of its own jail.

The counties, as such, have no concern or interest in these commitments and escapes. They are for offenses against the laws of the State, and the State has properly authorized its highest executive officer to offer rewards, and that functionary only, except in the case of horse-thieves, and for their apprehension, in which cases the County Courts can offer a reward not exceeding fifty dollars. R. S. 1845, p. 574.

Some objections were made to the time of signing the bill of exceptions. The record shows a trial by the court, and on the rendition of the judgment, the bill was tendered and signed. This is all correct.

There being a total want of legal liability shown in this case, on the part of the county of Crawford, to the plaintiff, the judgment is reversed.

*Judgment reversed.*